UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ROY VILLARREAL, § | |
|    *Plaintiff,* § | |
| § | |
| vs. § | CASE NO. 5:23-CV-119-H |
| § | |
| DOLGENCORP OF TEXAS INC. D/B/A § | |
| DOLLAR GENERAL STORE #10560, § | |
| and VICTORIA GUILLENROJAS, § | |
|    *Defendants.* § | |

## PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW Plaintiff Roy Villarreal, and files his First Amended Petition complaining of Defendants Dolgencorp of Texas Inc d/b/a Dollar General Store #10560 ("Dollar General") and Victoria Guillenrojas and for cause of action would respectfully show the Court the following:

**1.00    DISCOVERY CONTROL PLAN**

Pursuant to Texas Rule of Procedure 190.1, discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

**2.00    PARTIES**

2.01    Plaintiff Roy Villarreal is an individual and resident of the State of Texas.

2.02    Defendant Dolgencorp of Texas Inc. d/b/a Dollar General Store #10560 is a foreign corporation doing business in the State of Texas with its principal place of business located in Goodlettsville Tennessee. Defendant has made an appearance in this case.

2.03    Defendant Victoria Guillenrojas is a an individual and resident of the State of Texas. Defendant may be provided with service of process through her attorneys, Michael M. Machado, Joseph E. Cuellar, and JoeRay R. Garcia, Valdez and Trevino, Callaghan Tower, 8023 Vantage Drive, Ste. 700, San Antonio, Texas 78230.

**3.00   JURISDICTION & VENUE**

3.01   The amount in controversy is within jurisdictional limits of this Court.

3.02   Plaintiff seeks over $1,000,000 in damages.

3.03   Lubbock County is the proper venue for this action pursuant to the Texas Civil Practice and Remedies Code, Section 15.002, because all or a substantial part of the events or omissions occurred in Lubbock County.

**4.00   STATEMENT OF FACTS**

4.01   Defendant Dolgencorp of Texas Inc. owns or operates Dollar General Store #10560, which is located at 1815 Milwaukee Ave, Lubbock, Texas 79416. Dollar General is an establishment at which alcoholic beverages are sold to the general public under license or permit of the Alcoholic Beverage Commission.

4.02   On or about the evening of January 29, 2023, and early morning of January 30, 2023, Dollar General and its employees, including Victoria Guillenrojas, sold, and/or provided alcoholic beverages to Roy Villarreal, even though it was apparent that he was obviously intoxicated to the extent that he presented a clear danger to himself and to other persons.

4.03   Roy Villarreal left Defendant Dollar General's establishment in an intoxicated state and consumed the alcoholic beverages sold, and/or provided by Dollar General and its employees, including Victoria Guillenrojas. Roy Villarreal then operated a motor vehicle travelling southbound in the 5600 block of W Loop 289 when the vehicle failed to maintain its lane of travel, struck a guardrail, travelled across three lanes, and collided with a concrete median twice before coming to rest. As a result of the collision, Roy Villarreal sustained severe, permanent, and life-altering injuries.

**5.00** **DRAM SHOP: DOLLAR GENERAL**

5.01   Plaintiff brings suit against Defendant Dollar General pursuant to Section 2.02(b) of the Texas Alcoholic Beverage Code. Dollar General and its employees, including Victoria Guillenrojas, were "providers," as defined by Section 2.01(1) of the Texas Alcoholic Beverage Code. Dollar General and its employees, including Victoria Guillenrojas, sold and/or provided alcoholic beverages to Roy Villarreal, an adult recipient.

5.02   At the time the provision occurred, it was apparent to Dollar General and its employees, including Victoria Guillenrojas, that Roy Villarreal was obviously intoxicated to the extent that he presented a clear danger to himself and to others.

5.03   The intoxication of Roy Villarreal was a proximate cause of the incident made the basis of this case and Plaintiff's injuries.

5.04   Pursuant to Section 106.14 of the Texas Alcoholic Beverage Code, Dollar General is vicariously liable for the actions of its employees and/or managers, including Victoria Guillenrojas, in overserving Roy Villarreal.

**6.00** **DRAM SHOP: VICTORIA GUILLENROJAS**

6.01   Plaintiff brings suit against Defendant Victoria Guillenrojas pursuant to Section 2.02(b) of the Texas Alcoholic Beverage Code. Victoria Guillenrojas was a "provider," as defined by Section 2.01(1) of the Texas Alcoholic Beverage Code. Victoria Guillenrojas sold and/or provided alcoholic beverages to Roy Villarreal, an adult recipient.

6.02   At the time the provision occurred, it was apparent to Victoria Guillenrojas that Roy Villarreal was obviously intoxicated to the extent that he presented a clear danger to himself and to others.

6.03   The intoxication of Roy Villarreal was a proximate cause of the incident made the basis of this case and Plaintiff's injuries.

**7.00     DAMAGES: PERSONAL INJURY**

7.01     As a direct and proximate result of Defendants' acts and omissions, Roy Villarreal has suffered substantial damages for which he seeks recovery from Defendants:

- a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries sustained as a result of the incident complained of herein, and such charges were reasonable and were usual and customary charges for such services in Lubbock County, Texas;
- b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;
- c. Physical pain and suffering in the past;
- d. Physical pain and suffering in the future;
- e. Physical impairment in the past;
- f. Physical impairment which, in all reasonable probability, will be suffered in the future;
- g. Disfigurement in the past;
- h. Disfigurement in the future;
- i. Mental anguish in the past;
- j. Mental anguish in the future;
- k. Lost wages; and
- l. Lost earning capacity.

**8.00     REQUIRED DISCLOSURES**

Plaintiff requests that Defendants take notice of 2021 changes to Rule 194 and "[w]ithout awaiting a discovery request," timely produce copies of "all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses." TEX. R. CIV. P. 194.2(b)(6).

**9.00     INTEREST**

Plaintiff further requests both pre-judgment and post-judgment interest as allowed by law.

**10.00  NOTICE OF INTENT TO USE UNFILED DISCOVERY**

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff files this notice of intent to use in any pretrial proceeding and/or the trial of this case, any and all documents produced by any party in response to any written discovery.

**11.00  JURY DEMAND**

Plaintiff hereby demands a trial by jury, the fee for which is tendered with the filing of this petition.

**12.00  PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiff recovers a judgment over and against the Defendants for the damages as pled herein in amounts the jury determines to be fair and reasonable, and for such other and further relief, at law and in equity, to which Plaintiff may show himself to be justly entitled.

    Respectfully submitted,

*/s/ Keith Purdue*
**Keith C. Purdue**
SBN 24058060
legal@injuryrelief.com
**E. Michael Grossman**
SBN 08544500
**Cory Carlson**
SBN 24138098
GROSSMAN LAW OFFICES, P.C.
3890 W. Northwest Highway, Suite 100
Dallas, Texas 75220
P: (214) 220-9191 | F: (214) 220-9127
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was forwarded to all counsel of record via electronic delivery on December 4, 2023.

*/s/ Keith Purdue*
**Keith C. Purdue**